**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**J.W.**                                                                                    **PLAINTIFF**

**V.**                                                      **CAUSE NO. 3:21-CV-663-CWR-LGI**

**THE CITY OF JACKSON**, et al.                                   **DEFENDANTS**

*and*

**P.R.**, et al.                                                                       **PLAINTIFFS**

**V.**                                                      **CAUSE NO. 3:21-CV-667-CWR-LGI**

**THE CITY OF JACKSON**, et al.                                   **DEFENDANTS**

*and*

**C.A.**, et al.                                                                       **PLAINTIFFS**

**V.**                                                      **CAUSE NO. 3:22-CV-171-CWR-LGI**

**THE CITY OF JACKSON**, et al.                                   **DEFENDANTS**

**<u>ORDER</u>**

Before the Court are the plaintiffs' motions to consolidate three related actions centered on the City of Jackson's water system.[1] Defendants Mississippi Department of Health ("MSDH") and Jim Craig (together, "State Defendants") oppose complete consolidation of these matters. Defendant Trilogy Engineering Services, LLC ("Trilogy") supports the plaintiffs' motions to consolidate. Defendants the City of Jackson, Mississippi, Chokwe A. Lumumba, Robert Miller,

---

[1] These motions correspond to Docket No. 95 in cause number 3:21-CV-663-CWR-LGI [hereinafter "*J.W.*"]; Docket No. 89 in cause number 3:21-CV-667-CWR-LGI [hereinafter "*P.R.*"]; and Docket No. 30 in cause number 3:22-CV-171-CWR-LGI [hereinafter "*C.A.*"]. As the plaintiffs in each case offer the same arguments in support of consolidation, for ease, the Court shall cite to the relevant documents from *J.W.*

Tony Yarber, Kishia Powell, and Jerriot Smash ("City Defendants"), do not oppose consolidation. The matters are fully briefed and ready for adjudication.

These cases center on Jackson, Mississippi's water system. The plaintiffs are children who allege that they suffered harm due to lead in Jackson's water, which spread due to corrosion of the City's pipes. According to the plaintiffs, the City and State Defendants knew of, or should have known, about this exposure, but failed to act. The City hired Trilogy to monitor and address the condition of the pipes; however, Trilogy's response only aggravated the situation. As a result, the plaintiffs allege, children forced to drink the contaminated water suffered serious and permanent damage to their physical and mental health.

On May 27, 2022, the Court held a status conference in these cases. The Court then directed the attorneys for the plaintiffs to file a motion for consolidation by June 3, 2022, with any opposition due on June 10, 2022, and any reply by June 15, 2022. The parties met these deadlines.

> Consolidating actions is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay. A trial court has broad discretion in determining whether to consolidate a case pending before it. Consolidation may properly be denied in instances where the cases are at different stages of preparedness for trial.

*Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761-62 (5th Cir. 1989) (cleaned up).

Here, each case centers on the same common nucleus of facts. The defendants are identical in each matter. While the particular plaintiffs' identities and injuries differ, their legal theories of harm—and the attorneys who represent them—are the same. They are all at the same stage of litigation. And, critically, all parties agree that at least some degree of consolidation is appropriate. The dispute is over how much.

The State Defendants contend that "Plaintiffs' requests to consolidate motion practice and employ master/short form complaints are premature and improperly fail to define needed post-

2

consolidation procedures." Docket No. 101 at 1. They also urge that "[t]he Plaintiffs' request for trial consolidation of all Plaintiffs is impermissible," owing to the multiplicity of plaintiffs and "divergent" nature of their claims. *Id.* at 2. The City Defendants do not oppose consolidation, provided that consolidation preserves any defenses or rights they possess under the Mississippi Tort Claims Act, and does not result in a single, consolidated trial for all current and future plaintiffs. *See* Docket No. 103.

Upon review, the Court will consolidate the cases for early motion practice and discovery purposes. Given the identical arguments raised in the defendants' various motions to dismiss, once briefing concludes on these motions in *J.W.*,[2] the Court's rulings shall apply to each of the Jackson water cases. The Court declines at this time, however, to employ master/short form complaints or consolidate these matters for trial.

**SO ORDERED**, this the 20th day of July, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[2] *See* Docket Nos. 80, 82, 84, and 86. Pursuant to the Court's Text-Only Order entered July 15, 2022, briefing on these motions shall conclude by September 12, 2022.