**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **J.W.** | **PLAINTIFFS** |
| **V.** | **CAUSE NO.: 3:21-cv-00663-CWR-LGI** |
| **THE CITY OF JACKSON, ET AL.** | **DEFENDANTS** |

*and*

| | |
|---|---|
| **P.R., ET AL.** | **PLAINTIFFS** |
| **V.** | **CAUSE NO.: 3:21-cv-00667-CWR-LGI** |
| **THE CITY OF JACKSON, ET AL.** | **DEFENDANTS** |

*and*

| | |
|---|---|
| **C.A., ET AL.** | **PLAINTIFFS** |
| **V.** | **CAUSE NO.: 3:22-cv-00171-CWR-LGI** |
| **THE CITY OF JACKSON, ET AL.** | **DEFENDANTS** |

**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FILED IN** *P.R.*, *J.W.*, **AND** *C.A.* **[3:21-cv-00663 ECF NOS. 80, 82, 84, 86 – 3:21-cv-667 ECF NOS. 74, 76, 78, 80 – 3:22-cv-00171 ECF NOS. 44, 51, 52]**

COME NOW THE PLAINTIFFS, by and through undersigned counsel, and file this, their *Response in Opposition* to the following dispositive motions: (1) *City of Jackson's Motion for Judgment on the Pleadings* [3:21-663, ECF No. 80; 3:21-cv-667, ECF No. 74; and 3:22-cv-171, ECF No. 42]; (2) *Tony Yarber and Kishia Powell's motion for Qualified Immunity and to Dismiss* [3:21-cv-663 ECF No. 82, 3:21-cv-667 ECF No. 76, and 3:22-cv-171 ECF No. 52]; (3) *Mayor Chokwe A. Lumumba and Robert Miller's Motion for Qualified Immunity and to Dismiss* [3:21-

1

cv-663 ECF No. 84, 3:21-667 ECF No. 78, and 3:22-cv-171 ECF No. 51]; and (4) *Jerriot Smash's Motion for Judgment on the Pleadings and/or Qualified Immunity* [3:21-cv-663 ECF No. 86 and 3-21-cv-667 ECF No. 80].

1. This Court ordered consolidation of these cases for purposes of deciding these motions. [Docket #110 in 3:21-CV-663, *J.W. et al v. The City of Jackson et al.*]. The Court also permitted Plaintiffs to file an omnibus response to each of these motions because Defendants present legal arguments common among all motions.

2. Plaintiffs bring two Fourteenth Amendment substantive due process claims under 42 U.S.C. §1983 against Defendants the City of Jackson, Mississippi, Tony Yarber, Kishia Powell, Chokwe Lumumba, Robert Miller, and Jerriot Smash (hereinafter referred to collectively as "City Defendants"). Plaintiffs also bring one state law negligence claim against City Defendants.

3. The first Fourteenth Amendment claim against City Defendants alleges their actions violated Plaintiffs' bodily integrity and established substantive due process rights. The second Fourteenth Amendment claim against City Defendants alleges that their actions violated Plaintiffs' established substantive due process rights to be free from state created danger. The state law negligence claims against City Defendants allege that their actions breached an owed duty to Plaintiffs and that Plaintiffs suffer from permanent injury as a result.

4. Plaintiffs allege that City Defendants' conduct violated their bodily integrity and violated their right to be free from state created danger. Both are clearly established Constitutional substantive due process rights under the Fourteenth Amendment.

5. The City of Jackson filed its brief, maintaining that the right to bodily integrity and the right to be free from state created danger are not viable causes of action in the context of Plaintiffs'

allegations. Jackson adopted by reference the arguments presented in the individual defendants' motions. The City of Jackson's conduct is governed by a different analysis in that it is not afforded the right to raise the defense of qualified immunity.

6. The individual defendants, Kishia Powell, Tony Yarber, Robert Miller, Chokwe Lumumba, and Jerriot Smash present the same arguments as the City of Jackson, and they additionally maintain that they are entitled to qualified immunity.

7. The City of Jackson maintains that Plaintiffs filed suit sooner than 90 days after sending pre-suit notice in cases 3:21-cv-663 and 3:21-cv-663, but not 3:22-cv-171. The issue is conceded, but Plaintiffs maintain that dismissal is not an appropriate remedy.

8. The individual City Defendants seek dismissal of Plaintiffs' state claims because Plaintiffs acknowledge that certain individuals acted in the course and scope of their employment with the City of Jackson. Plaintiffs maintain that dismissal is not warranted.

9. The motions should be denied for the reasons set forth in the accompanying *Memorandum Brief in Opposition*, which is adopted by reference as if set forth fully herein.

10. Furthermore, Plaintiffs attach the following exhibits: Exhibit A, February 17, 2016 City Council Meeting Video; Exhibit B, March 1, 2016 City Council Meeting Video; and Exhibit C, March 10, 2016 City Council Meeting Video.  They will be filed conventionally.

WHEREFORE, WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request that the motions to dismiss be denied. To the extent the Court deems dismissal of any party to be due, Plaintiffs request that dismissal be without prejudice and that Plaintiffs be afforded an opportunity to amend their complaint. Plaintiffs request an opportunity to conduct discovery against the City of Jackson and Trilogy. Plaintiffs also request an opportunity to conduct discovery

against Defendants Yarber and Powell if the Court does not disregard the matters they raise beyond the pleadings. Plaintiffs request such other general or specific relief to which they may be entitled in the premises.

It is respectfully submitted, this the 22nd day of August, 2022.

**LEVY KONIGSBERG LLP**

/*Corey Stern*

/*Jacob B. Jordan*
Corey Stern, *Pro Hac 49568*
John Guinan, *Pro Hac*
Kimberly Russell, *Pro Hac*
Jacob B. Jordan, MSB 104230
LEVY KONIGSBERG, LLP
605 3rd Avenue, 33rd Floor
New York, New York 10158
(212) 605-6288
jjordan@levylaw.com


**CHHABRA & GIBBS, P.A.**

/s/ Rogen K. Chhabra
Rogen K. Chhabra, MSB #99131
Darryl M. Gibbs
120 N. Congress St., Suite 200
Jackson, Mississippi 39201
(601) 948-8005
rchhabra@cglawms.com
*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

 I, Jacob B. Jordan, hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

 It is so certified, this the 22nd day of August, 2022.

<i>Jacob B. Jordan</i><br>Jacob B. Jordan, MSB #104230