IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| **J.W.,** *a minor, by and through Amanda Williams, Guardian and Next Friend*, et al., <br><br>*Plaintiffs*, <br><br>v. <br><br>**THE CITY OF JACKSON, MISSISSIPPI; CHOKWE A. LUMUMBA, JR.; TONY YARBER; KISHIA POWELL; ROBERT MILLER; JERRIOT SMASH; THE MISSISSIPPI DEPARTMENT OF HEALTH; JIM CRAIG; TRILOGY ENGINEERING SERVICES, LLC; and JOHN DOES 1-40**, <br><br>*Defendants*. | CAUSE NO. <br><br>**3:21-CV-00663-CWR-LGI**, *consolidated with* <br><br>3:21-CV-00667-CWR-LGI <br>3:21-CV-00171-CWR-LGI <br><br>"Jackson Water Cases" |

## ORDER

Before the Court is Defendant Trilogy Engineering Services, LLC's *Motion to Strike Amended Complaint*. Docket No. 71. Upon review, the motion is denied.

Rule 12(f) of the Federal Rules of Civil Procedure empowers the court to "strike . . . any redundant, immaterial, impertinent, or scandalous matter." The Fifth Circuit has long recognized that striking a pleading is a "drastic remedy" that "should be used sparingly" and "only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction*, 306 F.2d 862, 868 (5th Cir. 1962). The defendant has failed to convince the Court that the four paragraphs it seeks to strike are "redundant, immaterial, impertinent, or scandalous" such that a drastic remedy is required.

Therefore, the Trilogy's motion to strike is **DENIED**.

**SO ORDERED**, this the 25th day of October, 2022.

                                                s/ Carlton W. Reeves
                                                UNITED STATES DISTRICT JUDGE