

August 31, 2023

**VIA ELECTRONIC MAIL**

The Honorable Carlton W. Reeves
United States District Court
for the Southern District of Mississippi
501 E. Court St., Suite 5.500
Jackson, Mississippi 39201
reeves_chambers@mssd.uscourts.gov

    Re:    *J.W., a minor, by and through Amanda Williams, Guardian, and Next Friend,*
        Case No. 3:21-cv-00663-CWR-LGI

| *consolidated with* | *expected to be consolidated with* |
|---|---|
| Case No. 3:21-cv-667-CWR-LGI | Case No. 3:23-cv-243-CWR-LGI |
| Case No. 3:22-cv-171-CWR-LGI | Case No. 3:23-cv-246-CWR-LGI |
| | Case No. 3:23-cv-250-CWR-LGI |
| | Case No. 3:23-cv-478-CWR-LGI |

Dear Judge Reeves:

    On behalf of all Defendants, we are writing to address certain concerns as to the proposed CMO 1. Pursuant to the Court's request that the parties confer on any concerns with the proposed CMO 1, appended hereto, the Mississippi Department of Health (MSDH) forwarded certain proposals and concerns to counsel for Plaintiffs and Plaintiffs provided certain proposals and concerns. The following items were considered with all parties' responses/agreements noted below:

- Section I. **Prior Motions and Orders.** This section does not specifically address answers in the consolidated cases. Defendants have not yet filed answered in all the cases.

  o  Plaintiffs, MSDH, Jackson and Trilogy have agreed to add the following on page 2, after line 33: "Further, the answers of the Defendants filed in '663 are deemed filed in '667, '171, '243, '246, '250, and '478."

- Section II. **The Clerk's Procedures.** Records indicate approximately 2139 separate plaintiffs currently have filed suit.

  o  Plaintiffs, MSDH, Jackson and Trilogy have agreed to add language affording sequential civil cause numbers for future plaintiffs. Specifically, MSDH, Jackson and Trilogy propose changing "2200" on page 3, line 65 to "2400." Plaintiffs also

*Post Office Box 6010*
*Ridgeland, MS 39158-6010*

**MEADE W. MITCHELL**
601.985.4560
Meade.Mitchell@butlersnow.com

*Suite 1400*
*1020 Highland Colony Park*
*Ridgeland, Mississippi 39157*

*T 601.948.5711 • F 601.985.4500 • www.butlersnow.com*

BUTLER SNOW LLP

The Honorable Carlton W. Reeves
August 31, 2023
Page 2

suggested adding "additional numeric sequencing will occur if a need arises." MSDH, Jackson and Trilogy agree to the addition of this language.

o Beginning on page 3, line 67, Plaintiffs, MSDH, Jackson and Trilogy have agreed to the addition of the following language: "Given that each plaintiff in '663 is duplicated in '246 and each plaintiff in '667 is duplicated in '243, the Deputy Clerks shall assign only one civil action number to each of these plaintiffs (as opposed to one for each case)."

o Plaintiffs, MSDH, Jackson and Trilogy have agreed to the following language to replace the current footnote 5, on page 5:  "The parties have not yet agreed to the contents of a short form complaint for new plaintiffs. Therefore, the Court instructs the parties to submit a proposed short form complaint for new plaintiffs to the Court for approval within seven days of the entry of this order."

o MSDH, Jackson and Trilogy assert that plaintiffs will need to secure settlement approval in Mississippi chancery court (assuming they still live in Mississippi). MSDH, Jackson and Trilogy propose the following additional language on page 6, line 126: "Plaintiffs must also comply will all state laws concerning minor settlement approval." Plaintiffs do not agree to this language.

- Section IV. **Preservation of Claims, Defenses, and Arguments.** Plaintiffs proposed the following:

o On page 6, line 152, Plaintiffs seek to add "The Court has indicated that, the City and State defendants could and should waive their MTCA pre-suit notice requirement Miss. Code Ann. § 11-46-11(3). This would alleviate the need to file pre-suit notice requirement prior to filing of an additional short form complaint for additional Plaintiffs. The City and State shall indicate their position on this within 30 days of the filing of this order."  MSDH and Jackson do not agree to this language. The City disagrees the Court indicated the City should waive the MTCA pre-suit notice requirement. The City understood the Court to ask whether the City could deny MTCA pre-suit notices of claim before the statutory deadline to respond (90 days) expired. Whether the City can waive the MTCA pre-suit notice requirement is a legal question that requires further briefing. Trilogy takes no position on the pre-suit notice requirements, as they do not apply to Trilogy.

- Section V. **Trials and Appeals.** MSDH, Jackson and Trilogy object to multi-plaintiff trials. MSDH, Jackson and Trilogy proposed the following revisions:

o After the sentence ending on page 7, line 159, Defendants propose CMO be revised to state: "Defendants submit that the trial should consist of no more than one plaintiff. The Court will hear argument on the number of trial plaintiffs at a later date." Plaintiffs do not agree to this language.  Plaintiffs' letter to the Court

The Honorable Carlton W. Reeves
August 31, 2023
Page 3

today erroneously indicated the City and Trilogy do not agree with this proposed language.

- Section VII. **Moving Forward.** MSDH, Jackson and Trilogy proposed the following revisions:

  o On page 7, line 181 -183, Defendants suggest the language be revised from "…that will address the timing of initial disclosures, a protective order, ESI, and any other subject the Magistrate Judge finds appropriate" to "that will address the necessary orders and protocols to effectuate efficient litigation and any other subject the Magistrate Judge finds appropriate."  Plaintiffs' letter to the Court today erroneously indicated the City and Trilogy do not agree with this proposed language change.

As requested, the parties attempted to resolve their CMO concerns where possible. We will continue to confer in good faith as required under language Your Honor included in the CMO. Should the Court have any questions, please let us know.

Sincerely,

BUTLER SNOW LLP

Meade W. Mitchell

MWM/csl
Enclosure
cc:     All Counsel of Record (via e-mail)
        Andrew Canter (via email)(Andrew.canter@mssd.uscourts.gov)

82125878.v1

1   [seal]

2   _____

3   No. 3:21-CV-663-CWR-LGI

4

5   J.W., *a minor, by and through Amanda Williams, Guardian and*
6   *Next Friend, et al.,*

7                                                          *Plaintiffs,*

8                               *v.*

9   THE CITY OF JACKSON, MISSISSIPPI, *et al.,*
10                                                          *Defendants.*

11  _____
12
13  CASE MANAGEMENT ORDER NO. 1
14  _____

15  Before CARLTON W. REEVES, *District Judge.*

16  This first Case Management Order is intended to provide the
17  parties, their lawyers, and the Clerk's Office with guidance on
18  how we will administer the more than 2,000 civil actions that
19  comprise the "Jackson Water Cases."[1]

20                    **I.  Prior Motions and Orders**

21  Since July 2022, this cause number (No. 3:21-CV-663) has been
22  consolidated with No. 3:21-CV-667 and No. 3:22-CV-171 for
23  early motion practice and discovery purposes. *See* Docket No.
24  110. Motions filed in the lead case ('663) were deemed to be
25  filed in '667 and '171 without need for separate docketing. *Id.*

---

[1] The Jackson Water Cases are those in which minors represented by attorneys at Chhabra & Gibbs, PA and Levy Konigsberg, LLP allege that the City of Jackson, the State of Mississippi, and Trilogy Engineering Services LLC are liable for damages caused by lead-contaminated drinking water.

26  Similarly, Orders entered in the lead case applied to the mem-
27  ber cases without separate docketing. *Id.*

28  The Court now applies this same structure to the later-filed
29  Jackson Water Cases, which are located at No. 3:23-CV-243,
30  No. 3:23-CV-246, No. 3:23-CV-250, and No. 3:23-CV-478. All
31  motions filed in those cases are hereby adjudicated, as of to-
32  day, in the same way and for the same reasons as the Orders
33  entered in the lead case. *See* Docket Nos. 132 and 135.

34  The Clerk's Office shall this day terminate the pending mo-
35  tions in those later-filed cases. The Clerk's Office shall also ad-
36  ministratively close all seven original civil actions. The parties
37  need not make any other filings on those seven dockets.

38              **II.  The Clerk's Procedures**

39  The next issue is how the Clerk's Office will manage the
40  2,000+ individual claims contained in the seven original civil
41  actions.

42  The Clerk of Court shall first designate a lead Deputy Clerk
43  to serve as the point of contact for counsel, chambers staff, and
44  any Special Master working on the Jackson Water Cases.

45  Upon entry of this Case Management Order, the Clerk's Of-
46  fice will create a Master Docket for *In re Jackson Water Cases* at
47  Cause No. 3:23-CV-[600]-CWR-LGI. The Master Docket shall
48  include this Order and a single PDF containing all the filings
49  from '663.[2]

---

[2] As of today, there are 139 docket entries on '663. Only one of them—
Docket No. 117—has access "restricted" to counsel of record. The Clerk's
Office will determine whether [117] can be incorporated into the single
PDF, or instead whether it must be docketed separately under restricted
access.

2

50   The Clerk's Office will determine how to list the plaintiffs. It
51   may, for example, list a single plaintiff called "Jackson Water
52   Cases plaintiffs," or instead list seven plaintiffs—one for each
53   original cause number. The plaintiffs' attorneys identified on
54   '663 will be imported into the Master Docket.

55   The Clerk's Office will then determine how to list the defend-
56   ants on the Master Docket. In any event, the case shall proceed
57   as to only three defendants: the City of Jackson, Mississippi;
58   the Mississippi Department of Health; and Trilogy Engineer-
59   ing Services, LLC. The defense attorneys for these parties
60   identified on '663 will be imported into the Master Docket.

61   The imported attorneys, and any that later enter their appear-
62   ance, will have filing privileges on the Master Docket and
63   only the Master Docket.

64   When the Master Docket is complete, the Clerk's Office shall
65   reserve the next 2,200 sequential civil cause numbers for indi-
66   vidual plaintiffs of the Jackson Water Cases.

67   Deputy Clerks shall take each plaintiff in the seven original
68   Jackson Water cause numbers ('663, '667, '171, '243, '246, '250,
69   and '478), sever them from their original cause number, and
70   assign each plaintiff his or her own civil action number. For
71   example, the first plaintiff in '663, J.W., shall receive No. 3:23-
72   CV-[601]-CWR-LGI. Deputy Clerks shall ensure that each in-
73   dividual plaintiff's docket contains this Order and the opera-
74   tive complaint from each individual plaintiff's original cause.[3]

---

[3] In '663, the operative complaint is the Amended Complaint located at
Docket No. 51. The Deputy Clerk will have to review the dockets of the
remaining six cases ('667, '171, '243, '246, '250, and '478) and import that
complaint into each plaintiff's individual cause number.

3

75   All of these cases shall be assigned to the District Judge and
76   Magistrate Judge presently handling these matters.

77   The Deputy Clerks shall continue sequentially until each
78   plaintiff identified in the seven original Jackson Water Cases
79   has been severed and given a unique civil action number.

80   Should either presiding Judge, or an eventual Special Master,
81   find it necessary to recuse themself from an individual plain-
82   tiff's case, an appropriate Order will be entered, and the Clerk
83   of Court shall reassign that individual plaintiff's case in ac-
84   cordance with local procedures.

85            **III.   Procedures for the Attorneys**

86   All filings by counsel and their staff, of every kind, shall be
87   made on the Master Docket. Attorneys and their staff shall not
88   upload any pleading, motion, entry of appearance, notice of
89   service, or other filing to an individual plaintiff's cause num-
90   ber.

91   Every filing must include, in its caption, *In re Jackson Water*
92   *Cases* and the Master Docket Number: 3:23-CV-[600]-CWR-
93   LGI.

94   Every caption must then identify which plaintiff(s) it applies
95   to. If all plaintiffs, the caption must say something like, "**This**
96   **Document Relates to All Plaintiffs.**" If the filing is intended
97   for fewer than all plaintiffs, the caption must say something
98   like, "**This Document Relates to**" and then provide the indi-
99   vidual plaintiff(s) initials and cause number(s).[4]

---

[4] If the number of plaintiffs involved in a motion renders their listing in
the caption unwieldy, please write something like, "**This Document Re-**
**lates to All Plaintiffs Identified in Exhibit 1,**" and include as your first

4

100    The Court recognizes that the Master Docket will ultimately
101    contain thousands of entries. After consulting with its col-
102    leagues, however, it is persuaded that a single docket is, in the
103    long run, more efficient than permitting counsel to file in and
104    maintain more than 2,000 docket sheets.

105    The parties must use discretion and judgment in their filings.
106    Filings that apply to all plaintiffs are preferred to those that
107    pertain to an individual. If a party or attorney abuses the sys-
108    tem with multiplicitous filings, the Court will not hesitate to
109    schedule hearings, with client attendance mandatory, to dis-
110    cuss the problem and require more efficient litigation.

111    If counsel for the plaintiffs wishes to add new plaintiffs, they
112    shall file on the Master Docket a motion to add plaintiff(s)
113    and, for appellate record purposes, attach each proposed new
114    plaintiff's short form complaint as an exhibit to the motion.[5]
115    No additional filing fee is required. If granted, the Clerk of
116    Court shall docket this Order and the new plaintiff's short
117    form complaint on one of the remaining 2,200 reserved civil
118    action numbers. Answers, if any, shall be filed on the Master
119    Docket. If a defendant declines to answer within 30 days, it
120    will be deemed to have incorporated the defenses it asserted
121    in '663. These new cases shall be assigned to the same District
122    Judge and Magistrate Judge presiding over the Master
123    Docket.

124    If an individual plaintiff's case settles, counsel shall file on the
125    Master Docket a motion for settlement that identifies which

---

exhibit an attachment listing the relevant plaintiffs by their initials and in-
dividual cause number.

[5] Counsel for the plaintiffs represents that the parties have now agreed to
the contents of a short form complaint for new plaintiffs.

5

126  cases have resolved. Counsel shall then email to the District
127  Judge's chambers the parties' proposed Agreed Order of Dis-
128  missal or Agreed Final Judgment. If the Court approves the
129  motion, it will grant it on the Master Docket and direct the
130  Clerk's Office to file the signed Agreed Order of Dismissal or
131  Agreed Final Judgment on the individual plaintiff's unique
132  cause number. That will close the individual plaintiff's case.

133  Attorneys previously admitted *pro hac vice* to practice in any
134  of the seven original Jackson Water Cases shall not have to
135  pay additional *pro hac vice* fees for any related case in this Dis-
136  trict. Should new out-of-state counsel wish to appear, how-
137  ever, the standard motion must be filed on the Master Docket,
138  and the current filing fee paid one time.

139  ### IV.  Preservation of Claims, Defenses, and Arguments

140  All plaintiffs wish to proceed on the claims they asserted in
141  '663, as those claims have been allowed or disallowed pursu-
142  ant to the merits Orders issued in that action.

143  Similarly, all remaining defendants wish to proceed on the
144  defenses they have asserted in '663, as those have been adju-
145  dicated in the merits Orders issued in that action.

146  In the event any new plaintiffs are added, the parties have
147  agreed not to relitigate at the trial court level those arguments
148  addressed in the merits Orders entered in '663.

149  In the event any new plaintiffs are added, formal service of
150  process is not required, as the parties agree that service of pro-
151  cess will be effectuated upon the Court's entry of an Order
152  granting the motion to add plaintiff(s).

153  This Order does not address whether the plaintiffs or the de-
154  fendants may seek to raise new claims or defenses.

6

155                  **V.  Trials and Appeals**

156 At this early juncture, and in the event summary judgment is
157 denied as to some plaintiffs, the Court anticipates a first trial
158 where no more than eight plaintiffs present their claims to-
159 gether.

160 This first Case Management Order does not set forth the pro-
161 cedures that the parties and the Clerk's Office must take
162 should any party appeal a Final Judgment or Rule 54(b) Final
163 Judgment issued on the Master Docket or an individual plain-
164 tiff's cause number. Additional discussion and consultation
165 will be necessary.

166                  **VI.  Amendment**

167 This document does not and cannot anticipate future disa-
168 greements or uncertainties. Additional CMOs will be neces-
169 sary.

170 In the event of a material disagreement or uncertainty regard-
171 ing the topics addressed in this Order—or any dispute, in can-
172 dor—the Court expects the parties to confer in good faith and
173 seek to craft a mutual solution befitting their substantial ex-
174 perience and expertise. If an impasse is reached, however, any
175 party may move to amend this Order under the usual Fifth
176 Circuit standard for amendment of Case Management Or-
177 ders.

178                  **VII.  Moving Forward**

179 Within seven days from today, the parties shall contact the
180 chambers of the Magistrate Judge to schedule a case manage-
181 ment conference that will address the timing of initial disclo-
182 sures, a protective order, ESI, and any other subject the Mag-
183 istrate Judge finds appropriate.

7

184    **SO ORDERED**, this the _____ day of _____, 2023.

185                                         s/ CARLTON W. REEVES

186                                         *United States District Judge*

8